# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00174-RFB-NJK-1 |
| Plaintiff, | **ORDER** |
| v. | |
| BRAYAN CORNELIO ARIAS-SERAFIN, | |
| Defendant. | |

Before the Court is Defendant Brayan Cornelio Arias-Serafin's *pro se* Motion for Sentence Reduction (ECF No. 30). For the following reasons, the motion is denied.

On September 22, 2022, Arias-Serafin pleaded guilty to a one count of violating 18 U.S.C. § 1326(a) and (b), and the Court sentenced him to 22 months of incarceration. ECF Nos. 28, 29. The Court determined that Mr. Arias-Serafin had a total offense level of 19 and a criminal history category of III, for a guideline range of 37-46 months of incarceration. See ECF No. 28. On January 29, 2024, Mr. Arias-Serafin filed the instant *pro se* Motion for Sentence Reduction. ECF No. 30. On March 7, 2024, the Court ordered the Federal Public Defender and the United States to provide briefing. ECF No. 33. On March 21, the Federal Public Defender filed a notice of non-eligibility. ECF No. 34. On April 4, 2024, the United States filed their Response. ECF no. 35. The Court's Order follows.

The Presentencing Report furnished the following, relevant information concerning the calculation of Mr. Arias-Serafin's criminal history category.

1. In 2019, Mr. Arias-Serafin was convicted in state court of two counts related to drug trafficking. See Nev. Rev. Stat. §§ 453.401, 453.3385.1. He pleaded guilty, was sentenced to 12-50 months, and was later deported.
2. In 2020, Mr. Arias-Serafin was convicted in federal court of unlawfully returning to the United States following his deportation. See 8 U.S.C. § 1326.

He pleaded guilty, was sentenced to 6 months, and was later deported.
3. In 2022, Mr. Arias-Serafin was convicted in state court of various counts related to a drunk driving incident. He pleaded guilty and was sentenced to time served and fines and fees.

The United States Sentencing Guidelines impose 3 criminal history points for a prior sentence of over a year, 2 points for at least 60 days, and 1 point for all other sentences. See U.S.S.G. § 4A1.1. Applied to Mr. Arias-Serafin, this produces 3, 2, and 1 criminal history points respectively. This total of 6 criminal history points was not further modified by the guidelines. The guidelines provide that 4-6 criminal history points results in a criminal history category of III. See U.S.S.G. § 5A.

Based on a total offense level of 19 and a criminal history category of III, the guideline range was 37 to 46 months of incarceration. See id. (providing the sentencing table). At the sentencing hearing, the Court granted an additional departure to reduce the total offense level to 16 for participation in the fast-track program. As the Court explained on the record, this produced a guideline range of 27-33 months of incarceration, a supervised release range of 1 to 3 years, and a fine range of $10,000 to $95,000. See also id. Pursuant to the plea agreement, the Parties requested a sentence of 24 months at the hearing. The Court imposed a sentence of 22 months of incarceration and three years of supervised release.

With that understanding, the Court now turns to the merits of Mr. Arias-Serafin's motion. He argues he is eligible for resentencing following Amendment 821 to the guidelines. Courts may modify a term of imprisonment, once imposed, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered[.]" 18 U.S.C. § 3582(c)(2). However, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Amendment 821 of the guidelines retroactively reduced sentences in two relevant ways. First, U.S.S.G. § 4C1.1 was created, which provides a two-point reduction of the offense level for certain people without any criminal history points (known as "zero-point offenders"). Second, U.S.S.G. § 4A1.1 was amended the calculation of criminal history points when the

underlying offense was committed while under another sentence (known as "status points"). Individuals with six prior status points now receive no additional criminal history points and those with seven or more receive a single criminal history point enhancement. As the discussion above shows, Mr. Arias-Serafin received no enhancements for status points nor was he a zero-point offender. Further, even if Mr. Arias-Serafin could reduce his criminal history points by 3 to fall into Category II, that would produce a sentencing range of 24-30 months, which remains greater than his current sentence. See U.S.S.G. § 5A. Even if Mr. Arias-Serafin could somehow reduce his calculation down to Category I, he would be eligible for a maximum reduction of one month. See U.S.S.G. § 5A.

In sum, the Court finds that Mr. Arias-Serafin was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. Therefore, he does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

For the foregoing reasons, **IT IS ORDERED** that Defendant Brayan Cornelio Arias-Serafin's *pro se* Motion for Sentence Reduction (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court will provide Defendant a physical courtesy copy of this Order by first-class United States postage.

**DATED:** December 17, 2024.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**